UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUSTAVO LUCAS SANCHEZ  *Plaintiff,*  v.  U.S. CUSTOMS AND BORDER PATROL  *Defendant.* | Civil Action No. _____ |

## COMPLAINT

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel production of agency records requested by Plaintiff Gustavo Lucas Sanchez from Defendant U.S. Customs and Border Patrol ("Defendant" or "CBP").

2. On December 17, 2024, Plaintiff submitted a FOIA request to CBP, seeking to obtain records relating to his entries and exits, apprehensions, detentions, and interactions with CBP. Plaintiff requested these records to prepare an application to adjust his immigration status through a spousal petition.

3. The statutory deadline for CBP to respond to Plaintiff's request has long since elapsed and CBP has not produced any documents. Plaintiff therefore files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Because CBP has failed to comply with the FOIA statute's time-limit provisions, the Plaintiff is deemed to have constructively exhausted his administrative remedies pursuant to 5

U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining CBP from continuing to withhold the requested records and ordering their production.

## VENUE

6.　　Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(A).

## THE PARTIES

7.　　Plaintiff Gustavo Lucas Sanchez filed a CBP FOIA request on December 17, 2024. He is being prevented from filing for adjustment of status to lawful permanent resident by Defendant's failure to respond to his duly filed FOIA request.

8.　　Defendant U.S. Customs and Border Patrol ("CBP") is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C. CBP has responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirement of FOIA.

## FACTUAL ALLEGATIONS

9.　　On December 17, 2024, the Plaintiff submitted a FOIA request to CBP seeking records of apprehensions, detentions, and interactions with CBP, as well as any records of any entries and exits, voluntary departures or expedited removals.

10.　　FOIA requires agencies to issue a determination in response to a request within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

11.　　In "unusual circumstances" enumerated by the FOIA statute, an agency may obtain an extension by notifying the requester in writing of the unusual circumstances and specifying the date by which a determination will be made. Id. § 552(a)(6)(B)(i). If the agency

claims that the unusual circumstances justify an extension greater than ten business days, it must provide the requester an opportunity to narrow the scope of the request. Id. § 552(a)(6)(B)(ii).

12. On December 17, 2024, Plaintiff, through counsel, submitted a FOIA request to U.S. Customs and Border Protection (CBP) via the SecureRelease Portal, requesting all documents and records related to the Plaintiff.

13. According to the SecureRelease Portal, CBP received Plaintiff's FOIA request on December 17, 2024, and assigned it the tracking number CBP-FO-2025-038074. See **Exhibit A**.

14. No written acknowledgment, confirmation, or communication has been received from CBP via email or mail. However, the SecureRelease Portal confirms receipt and reflects that the request remains in "Processing: Searching for Records" status. See **Exhibit B**.

15. Despite the passage of over three months since submission, CBP has not issued a response, estimated completion date, or any further communication regarding the FOIA request. The SecureRelease Portal continues to show the request as pending at the "Initial Determination" stage, and no documents have been released. See **Exhibit C**.

16. To date, CBP has not provided any responsive records, status updates, or estimated delivery timeline, nor has it identified any exemption that would justify withholding the FOIA request.

17. It has been over 100 days since the initial FOIA request.

18. Plaintiff has been prepared to begin the family-based immigration process since filing the instant FOIA request with CBP on December 17, 2024. He and his U.S.-citizen spouse are eager and anxious to pursue lawful permanent resident status for Plaintiff, but they are being prevented from doing so by CBP's ongoing failure to release the requested records, which are necessary to determine whether Plaintiff is eligible to proceed with a spousal petition

19. CBP's failure to respond to the Plaintiff's request constitutes constructive denial of his request. This denial is without justification. Plaintiff is powerless to make CBP act on his request other than by means of this lawsuit.

## CLAIM FOR RELIEF

### COUNT ONE:
### Violation of FOIA, 5 U.S.C. § 552
### for Failure to Respond Within the Time Required

20. Plaintiff incorporates the foregoing paragraphs 1-19 by reference.

21. Plaintiff properly requested records within the possession, custody, and control of CBP.

22. Under the FOIA, CBP was required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

23. CBP has failed to respond to Plaintiff's request within the statutory deadline. Defendant's failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

### COUNT TWO:
### Violation of FOIA, 5 U.S.C. § 552
### for Failure to Conduct an Adequate Search

24. Plaintiff incorporates the foregoing paragraphs 1-19 by reference.

25. CBP is an agency subject to FOIA and therefore must make reasonable efforts to search for the requested records and provide Plaintiff with access to those records.

26. CBP has wrongfully withheld records responsive to Plaintiff's request. As such, CBP violated its obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

**COUNT THREE:**
**Violation of FOIA, 5 U.S.C. § 552**
**for Wrongful Withholding of Records**

27. Plaintiff incorporates the foregoing paragraphs 1-19 by reference.

28. CBP is wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request.

29. Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

30. CBP's failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

31. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

32. Because of CBP's failure, Plaintiff's obligation to exhaust administrative remedies is satisfied. 5 U.S.C. § 552(a)(6)(C)(i).

**REQUEST FOR RELIEF**

33. Plaintiff prays for judgement against Defendant and respectfully requests that the Court enters an order:

   a. Requiring Defendant United States Customs and Border Patrol to promptly process Plaintiff's request and search for and disclose the responsive agency records;

   b. Awarding Plaintiff costs of suit and reasonable attorney's fees under the FOIA and/or under the Equal Access to Justice Act; and

   c. Granting such other relief at law and in equity as justice may require.

Respectfully submitted,

/s/ Simon Sandoval-Moshenberg
Simon Sandoval-Moshenberg, Esq.
D.D.C. Bar No. VA183
Counsel for Plaintiff
Murray Osorio PLLC
4103 Chain Bridge Road, Suite 300
Fairfax, Virginia 22030
Telephone: 703-352-2399
Facsimile: 703-763-2304
ssandoval@murrayosorio.com

## List of Exhibits

**Exhibit A**     CBP's Acknowledgment of Receipt via SecureRelease Portal (12/17/2024)

**Exhibit B**     SecureRelease Portal – No Agency Messages or Correspondence

**Exhibit C**     SecureRelease Portal – No Records Released and No Appeal Activity